The judgment is reversed, and the cause remanded.

PRENDERGAST, J. (dissenting). I have read the record, and read and studied the statement of facts very carefully. The facts show a strong, clear case against appellant, and without doubt amply sustain the verdict. There is no reversible error shown in this record. The case should be affirmed. I dissent.

---

CLAY v. STATE. (No. 4683.)

(Court of Criminal Appeals of Texas. Oct. 17, 1917.)

CRIMINAL LAW ⚖=1131(5)—APPEAL—DISMISSAL AFTER APPELLANT'S ESCAPE—STATUTES.

Where the state moves to dismiss appeal from a conviction of burglary on account of appellant's escape from custody, and, accompanying the motion, there is an affidavit by the sheriff in compliance with Code Cr. Proc. 1911, art. 913, reporting the escape, the appeal will be dismissed pursuant to article 912.

Appeal from District Court, Grayson County; C. T. Freeman, Judge.

Charley Clay was convicted of burglary, and he appeals. Appeal dismissed.

A. P. Caywood, of Sherman, for appellant. E. B. Hendricks, Asst. Atty. Gen., for the State.

MORROW, J. Appellant appeals from a conviction for burglary. The state, through the Assistant Attorney General, has filed a motion to dismiss the appeal on account of the escape of the appellant. Accompanying the motion is an affidavit made by the sheriff, in compliance with article 913 of the Code of Criminal Procedure, reporting the escape of the appellant, and in consequence of these facts, and in obedience to article 912 of the Code of Criminal Procedure, the appeal is dismissed.

---

COOPER v. STATE. (No. 4627.)

(Court of Criminal Appeals of Texas. Oct. 17, 1917.)

1. CRIMINAL LAW ⚖=1090(7)—REVIEW—RESERVING BILL OF EXCEPTIONS—CONTINUANCE.

The objection that the court erred in overruling defendant's application for continuance cannot be reviewed when there was no bill of exceptions reserved and the application is not found in the record.

2. BURGLARY ⚖=41(1)—SUFFICIENCY OF EVIDENCE.

Evidence *held* sufficient to justify conviction of burglary.

Appeal from District Court, Cass County; H. F. O'Neal, Judge.

Clinton Cooper was convicted of burglary and appeals. Affirmed.

E. B. Hendricks, Asst. Atty. Gen., for the State.

DAVIDSON, P. J. Appellant was convicted of burglary of a storehouse, his punishment being assessed at two years' confinement in the penitentiary.

[1] There are no bills of exception, and all the matters presented for revision are found in defendant's amended motion for new trial. The second ground of the motion is that the court erred in overruling appellant's application for a continuance. This may be sufficiently answered by stating there was no bill of exceptions reserved to this action of the court, and the application for continuance is not found in the record.

[2] The remaining ground, which is assigned as the first, is that the evidence is insufficient to support the conviction, in that it failed to connect appellant with the burglary, and as the state relied upon circumstantial evidence, the circumstances were too remote, insufficient, and incomplete to connect him with the offense and warrant his conviction. We have read the evidence, which is rather full in detail, by which the state sought to connect him with the burglary. We are of opinion that the evidence is sufficient. It would add nothing, perhaps, to the opinion, or the jurisprudence of our state, to detail these circumstances. Appellant was at the burglarized store where he had not been before, some six or seven miles from his residence and gave his name as being Johnson. He lived with his mother on the premises of a gentleman named Luck Lee. He was brought back for trial from Oklahoma, to which state he had gone. He denied the burglary, and denied having brought the goods to the place where they were found. The evidence is that he was out that night, and was seen four or five miles from his mother's residence between sundown and dark. He accounts for being in that neighborhood by reason of the fact that Mr. Lee had sent him to find a steer. One of his witnesses testified that appellant put in his pasture a yearling. This was between sundown and dark. There are other facts connected with the matter that indicate that the horses described were ridden from appellant's residence to and on return from the store. These stolen goods were found, some in a barn and others in a cane patch, and some in a cornfield on the premises where he and his mother lived. Take the circumstances as they are, without going further into detail, we are of opinion the state made out a case which justified the verdict under the rules of circumstantial evidence.

The judgment, therefore, will be affirmed.

---

⚖=For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes